ROBSON v. McKINNEY.    (No. 6103.)

(Court of Civil Appeals of Texas.    June 18, 1919.)

1. APPEAL AND ERROR ⊂⊃65—JURISDICTION OF COURT OF CIVIL APPEALS — AMOUNT — COUNTY COURT.

Where the sum sued for, $80, for which judgment was rendered in the county court upon appeal from the justice court, was the amount in controversy, the amount involved not exceeding $100, the Court of Civil Appeals has no jurisdiction.

2. APPEAL AND ERROR ⊂⊃65—JURISDICTION— APPEAL FROM JUSTICE TO. COUNTY COURT— AMOUNT INVOLVED.

In the trial of a cause appealed from the justice to the county court, where notes introduced show that defendant was indebted to plaintiff in the sum of $280, but no suit was brought on these notes, and no judgment asked or rendered thereon, their only purpose in evidence being under the pleadings to show that appellant was indebted to appellee in an amount of $80 or less, for which plaintiff asked and secured judgment, the real amount involved was but $80.

Appeal from Coleman County Court; W. Marcus Weatherred, Judge.

Action by M. C. McKinney against W. A. Robson in the justice court, in which S. W. Elmore was also made a party defendant. Judgment for defendants, and upon appeal to the county court plaintiff recovered judgment against the defendant W. A. Robson for $80, and the defendant Robson recovered against the defendant S. W. Elmore for the same amount, and the defendant Robson appeals. Appeal dismissed.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Snodgrass, Dibrell & Snodgrass and J. K. Baker, all of Coleman, for appellant.

Critz & Woodward, of Coleman, for appellee.

JENKINS, J. Appellee, plaintiff in the court below, brought suit in the justice court against appellant for the sum of $80, alleging that one S. W. Elmore was his tenant during the year 1916, and that he was indebted to plaintiff in the sum of $150, in that he raised on the rented premises a bale of cotton which he sold for $120, and paid plaintiff one-fourth thereof, but did not pay to plaintiff the remaining three-fourths, to wit, $80; that plaintiff had a landlord's lien on said cotton, and that the same had not been removed from the premises for more than 30 days when it was sold to the defendant.

The defendant Robson, appellant herein, answered that he had purchased said bale of cotton in good faith from Elmore, and had paid him for the same, and asked that Elmore be made a party defendant, and that he have judgment over against Elmore, in the event plaintiff should recover judgment against him. Elmore answered, pleading payment of his indebtedness to appellee, and filed a cross-action for damages and for indebtedness of plaintiff to him in the sum of $175.

Judgment was rendered in the justice court that appellee take nothing by his suit. The case was appealed to the county court, and in the trial in that court appellee recovered against appellant for $80, and appellant recovered over against Elmore for that amount. Elmore's cross-action was stricken out in the county court, and he has not appealed.

### Opinion.

[1, 2] Appellee insists that this appeal should be dismissed for want of jurisdiction; that is to say, that the suit in the justice court and in the county court did not involve an amount exceeding $100. We sustain this plea.

In the trial in the county court, appellee, in order to show that Elmore was indebted to him, introduced four notes, one for $250, and three for $10 each. Appellant insists that these notes showed that the amount in controversy exceeded $200, and therefore the case should be dismissed, for the reason that neither the justice nor the county court had jurisdiction. We overrule this contention.

It is true that the notes introduced showed that appellant was indebted to appellee in the sum of $280; but no suit was brought on these notes, and no judgment asked or rendered thereon. The only purpose for which they were introduced, or could have been legally introduced under the pleadings, was to show that appellant was indebted to appellee, and that such indebtedness amounted to $80 or less. The sum of $80, for which appellee sued, and for which judgment was rendered, was the amount in controversy. Such being the case, this court has no appellate jurisdiction, and therefore this appeal is dismissed.

Appeal dismissed.